UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD L. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02493-TWP-DML |
| | ) | |
| ROBERT E. CARTER, | ) | |
| THE GEO GROUP, INC., | ) | |
| FRENCH, | ) | |
| OWENS, | ) | |
| NEAL FETZ, | ) | |
| KEITH BUTTS, | ) | |
| WINNINGHAM, | ) | |
| SMITH, | ) | |
| S. MORRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Screening of Complaint**

**A.**   *Legal Standards*

Plaintiff Donald L. Jackson is a prisoner currently confined at New Castle Correctional Facility (NCCF). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

>[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.     *Allegations***

The complaint filed on September 28, 2020, names the following defendants: 1) Commissioner Robert E. Carter; 2) The GEO Group; 3) Ms. French, Assistant Superintendent; 4) Ms. Owens, Classification Supervisor; 5) Neal Fetz, Tort Claim Administrator; 6) Keith Butts, Superintendent; 7) Ms. Winningham, Grievance Specialist; 8) Ms. Smith, former Grievance Specialist; and 9) S. Morris, Classification Clerk. For relief, Mr. Jackson seeks compensatory and punitive damages and injunctive relief in the form of processing his clemency petition to the Indiana Parole Board.

Mr. Jackson alleges that Commissioner Carter violated his Eighth Amendment and Fourteenth Amendment due process rights when he allowed Superintendent Butts to arbitrarily deny Mr. Jackson's petition for clemency. Mr. Jackson sues The GEO Group for negligence and denial of access to the courts because its employees failed to comply with Indiana Department of Correction (IDOC) policy concerning the policies and procedures of a clemency petition, resulting in the delay of properly processing his petition. He alleges that defendants French, Owens, and Morris denied him access to the courts in filing a clemency petition and violated his First and Fourteenth Amendment rights by refusing to process his petition in accordance with IDOC policy and state law.

He further alleges that defendants Winningham, Smith, and Fetz refused to allow him access to the grievance system.

C. *Analysis*

It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). The only allegations against defendants Winningham, Smith, and Fetz are that they denied Mr. Jackson access to the grievance system. This does not support a viable constitutional claim. Therefore, these claims are **dismissed for failure to state a claim upon which relief can be granted.**

The claim against The GEO Group is based on the alleged wrongdoings of its employees. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). The claim against The GEO Group is **dismissed for failure to state a claim upon which relief can be granted.**

A violation of a prison policy or state law does not support a constitutional claim. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted); *Brown v. Randle,* 847 F.3d 861, 865 (7th Cir. 2017) ("[R]emedies in § 1983 suits are for violations of federal law only."). Therefore, any claim asserting alleged violations of IDOC policy is **dismissed for failure to state a claim upon which relief can be granted.**

The rest of Mr. Jackson's claims are based on his presumption that he has a due process right to file a clemency petition. He is mistaken. "[There is no constitutional right to clemency…" *Colvin v. Bowen*, 399 N.E.2d 835, 838 (Ind. Ct. App. 1980). "It is clear that under Indiana law no person has a legitimate claim of entitlement to clemency." *Id.* "It is an old and familiar principle of constitutional law that one who has no right to demand a certain thing has no right to procedural due process over a decision not to grant it to him." *Id.* at 840. "There is no Fourteenth Amendment property or liberty interest in obtaining a pardon in Illinois-no substantive entitlement, in other words-and so no ground for a claim of denial of due process." *Bowens v. Quinn*, 561 F.3d 671, 673 (7th Cir. 2009). The same applies to Indiana law. *See Colvin,* 399 N.E.2d at 838. "Indiana's substantive criteria allow considerable discretion and thus create no interest entitled to protection under the Due Process Clause." *Williams v. Orr*, 976 F.2d 735 (7th Cir. 1992) (discussing Indiana's clemency laws) (unpublished). Therefore, all claims asserted against defendants Robert E. Carter, Ms. French, Ms. Owens, Mr. Butts, and S. Morris are **dismissed for failure to state a claim upon which relief can be granted.**

## II. Show Cause

The complaint must be dismissed for the reasons set forth above. Mr. Jackson shall have **through January 5, 2021,** in which to **show cause** why Judgment consistent with this Entry should not issue

If Mr. Jackson fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure state a claim upon which relief can be granted, without further notice.

IT IS SO ORDERED.

Date:  12/11/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DONALD L. JACKSON
881974
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362